IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BERRY WILLIAMS,

Plaintiff,

v.

No. 17-cv-1136-DRH

T.G. WERLICH,

Defendant.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction

Pending before the Court is July 26, 2018 Report and Recommendation ("the Report") issued by Magistrate Judge Clifford J. Proud (Doc. 20). The Report recommends the Court grant respondent's motion to dismiss (Doc. 7). The parties were allowed time to file objections and on August 27, 2018, Williams filed an objection to the Report (Doc. 23). Based on the applicable law, the record and the following, the Court **ADOPTS** the Report in its entirety.

### II. Background

Petitioner Berry Williams brought this habeas corpus action pursuant to 28 U.S.C. § 2241 (Doc. 1). Relying on *Mathis v. United* States, -- U.S. --, 136 S.Ct. 2243 (2016), Williams challenges his enhanced sentence as a career offender on a prior conviction for second degree assault of a law enforcement officer in Missouri

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BERRY WILLIAMS,

Plaintiff,

v.

No. 17-cv-1136-DRH

T.G. WERLICH,

Defendant.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction

Pending before the Court is July 26, 2018 Report and Recommendation ("the Report") issued by Magistrate Judge Clifford J. Proud (Doc. 20). The Report recommends the Court grant respondent's motion to dismiss (Doc. 7). The parties were allowed time to file objections and on August 27, 2018, Williams filed an objection to the Report (Doc. 23). Based on the applicable law, the record and the following, the Court **ADOPTS** the Report in its entirety.

### II. Background

Petitioner Berry Williams brought this habeas corpus action pursuant to 28 U.S.C. § 2241 (Doc. 1). Relying on *Mathis v. United* States, -- U.S. --, 136 S.Ct. 2243 (2016), Williams challenges his enhanced sentence as a career offender on a prior conviction for second degree assault of a law enforcement officer in Missouri

(Doc. 1, p. 2: Doc. 1-1). On November 6, 2017, the Court conducted its preliminary review of petitioner's petition stating: "[w]ithout commenting on the merits of Petitioner's clams, the Court concludes that the Petition survives prelimary review under Rule 4 and Rule 1(b). Given the limited record and the still developing application of Mathis, it is not plainly apparent that Petitioner is not entitled to habeas relief." (Doc. 3, p. 2).

On November 7, 2017, respondent Werlich filed a motion to dismiss on the grounds that the petition fails to state a claim upon which relief can be granted as binding Seventh Circuit law holds that the alleged error – an incorrectly calculated advisory guideline range- is not reviewable in a post-conviction proceeding based on *United States v. Hawkins*, 706 F.3d 820 (7th Cir. 2013), reh'g en banc denied, *Hawkins v. United States*, 724 F.3d 915 (7th Cir. 2013). Thereafter, Williams filed an amended petition (Doc. 16). In response to the amended petition, Werlich reasserted his previous arguments contained in the motion to dismiss (Doc. 17).

On July 26, 2018, Magistrate Judge Proud submitted the Report regarding the motion to dismiss and recommends that the Court grant the motion. On August 27, Williams filed an objection to the Report. (Doc. 23).

### III. Analysis

The Court's review of the Report is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings

or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b) also directs that the Court must only make a *de novo* determination of those portions of the report and recommendation to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the Court reviews those unobjected to portions for clear error. *Id*. In addition, failure to file objections with the district court "waives appellate review of both factual and legal questions." *Id*. Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

As highlighted in the Report,

> In short, there is no meaningful way to distinguish *Hawkins* from this case. The issue in *Hawkins* was the same as the issue raised here: the use of a prior conviction that would allegedly no longer qualify as a predicate conviction for the career offender enhancement under current law. In its supplemental opinion on denial of rehearing in *Hawkins*, the Court succinctly summarized its holding: "an error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant had, as in *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011), been sentenced in the pre-*Booker* era, when guidelines were mandatory rather than merely advisory." *Hawkins*, 724 F.3d at 916. Under the binding precedent of *Hawkins*, the petition should be dismissed.

(Doc. 20, p. 5).

Here, the Court agrees with the Werlich and Magistrate Judge Proud's

application of the law. The law of the Seventh Circuit is clear and *Hawkins* is binding precedent. As Williams was sentenced after-*Booker*, the Sentencing Guidelines applied by the district court in his case were merely advisory. Despite Williams' attempt to frame the issues otherwise and to distinguish his case from *Hawkins*, the law is clear that Williams simply cannot contest his advisory career offender designation in a post-conviction habeas corpus proceeding.

### IV. Conclusion

Accordingly, the Court **ADOPTS** the Report (Doc. 20). The Court **GRANTS** Werlich's motion to dismiss (Doc. 7) and **DISMISSES with prejudice** Williams' habeas corpus petition pursuant to 28 U.S.C. § 2241. Further, the Court **DIRECTS** the Clerk of the Court to enter judgment.

**IT IS SO ORDERED.**

Judge Herndon
2018.08.28
11:47:06 -05'00'

United States District Judge